# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHNNIE LEROY STANLEY,

                    Petitioner,                  Case Number: 08-CV-14237

v.                                            HON. DENISE PAGE HOOD

LINDA M. METRISH,

                    Respondent.

_____/

## OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND (2) ADMINISTRATIVELY CLOSING CASE

      Petitioner Johnnie Leroy Stanley filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, challenges his drug-related convictions. Now before the court is Petitioner's "Motion For Abeyance."

## I.

      Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of conspiracy to possess with intent to deliver over 650 grams of a controlled substance, possession with intent to deliver under 50 grams of a controlled substance, and felony firearm. He was sentenced to thirty to sixty years' imprisonment for the over 650 grams conviction, one to twenty years' imprisonment for the under 50 grams conviction, to be served consecutively to two years' imprisonment for the felony-firearm conviction.

      Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) preliminary examination testimony improperly admitted; (ii) other acts evidence

improperly admitted; (iii) insufficient evidence to sustain conviction; (iv) ineffective assistance of counsel; (v) indictment improperly amended; (vi) prosecution knowingly presented perjured testimony; (vii) newly discovered evidence; (viii) denied right to transcripts; (ix) *Brady* violation; and (x) search warrant improperly obtained. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Stanley*, No. 245456 (Mich. Ct. App. Sept. 19, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Stanley,* No. 132401 (Mich. Apr. 24, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. Shortly after filing his habeas petition, Petitioner filed a Motion for Abeyance.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). Petitioner states that certain of the claims raised in his habeas corpus petition have not yet been fully exhausted in state court. He is in the process of exhausting these claims as they are the subject of a motion for relief from judgment currently pending in the trial court. Petitioner asks the Court to stay the pending petition until these claims are fully exhausted in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner impliedly argues that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot

be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner, whose application for collateral review is currently pending in state court, must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion For Abeyance" [dkt. #4] is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following

3

exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 29, 2009

     I hereby certify that a copy of the foregoing document was served upon counsel of record and Johnnie Stanley, Reg. No. 326530, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49785 January 29, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager