UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE STANLEY,

        Petitioner,        Case Number: 2:08-CV-14237

v.        HONORABLE DENISE PAGE HOOD

LINDA METRISH,

        Respondent.
_____/

### ORDER CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION; DENYING MOTION FOR RECONSIDERATION; AND GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Johnnie Stanley filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a state inmate, challenged his convictions for conspiracy to possess with intent to deliver a controlled substance, more than 650 grams, possession of a controlled substance, less than 50 grams, and felony firearm. On November 29, 2012, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability." Petitioner has now filed a "Motion for Certificate of Appealability." Because the Court already has denied a certificate of appealability (COA), the Court construes Petitioner's motion as requesting reconsideration of that denial.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the

correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner asks the Court to reconsider the denial of a certificate of appealability. The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has

some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). While the Court held that jurists of reason would not find the Court's decision that the petition was meritless to be debatable or wrong, the Court finds that an appeal may be taken in good faith.

Accordingly, the Court DENIES Petitioner's "Motion for Certificate of Appealability" [dkt. # 23], which the Court has construed as a "Motion for Reconsideration."

The Court GRANTS Petitioner's "Motion to Proceed *In Forma Pauperis"* [dkt. #21].

SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager